**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| **MARY BULLINGER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. _____** |
| **TYSON FOODS, INC.** | § | |
| | § | |
| **Defendant.** | § | **JURY DEMANDED** |

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1446**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Please take notice that Defendant Tyson Foods, Inc. ("Defendant"), hereby amends its notice of removal to this Court of the state court action described herein.

**I.     Background**

1.     On November 24, 2020, an action was commenced in the 251st District Court in and for Potter County, Texas, entitled *Mary Bullinger v. Tyson Foods, Inc.*, as Cause No. 110086-C-CV (the "Potter County Action").  A copy of Plaintiff's Original Petition and Request for Disclosure is attached hereto as part of Exhibit A.

2.     Defendant was served with citation in the Potter County Action on December 3, 2020.

3.     In her Complaint, Plaintiff brought negligence claims against the Defendant based on injuries Plaintiff allegedly sustained while in the course and scope of her employment with Defendant.

4.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C § 1332(a) and 28 U.S.C. § 1441 in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

5.     Defendant removed this case on December 28, 2020, which was within the 30-day period stipulated by the rules.

6.     All pleadings, process, orders, and all other filings in the state court action that are currently available to Defendant are indexed and attached to this notice as required by 28 U.S.C. § 1446(a).   (Exhibit A and B) The state's electronic filing system is currently not allowing Defendant to access and download the Request for Issuance of Citation. Defendant will supplement this filing with the Request for Issuance of Citation when it is available.

7.     In accordance with 28 U.S.C. § 1441(a), this matter is being removed to the U.S. District Court for the Northern District of Texas, Amarillo Division, because this Court is the Court for the district and division embracing the place where such action is pending, i.e., Potter County, Texas.

8.     Defendant will file a copy of this notice of removal with the clerk of the state court in which the action was filed.

**II.     There is a complete diversity of citizenship between the Plaintiff and Defendants.**

9.     The Federal Rules provide that a defendant may remove any civil action filed in state court where there is complete diversity of citizenship between the defendants and the plaintiff. 28 U.S.C. § 1441(a) and (b).

10.  Complete diversity exists here because Defendant does not share the same state of residency and/or citizenship as Plaintiff. 28 U.S.C. § 1332(a).

11.  Plaintiff is a citizen of the state of Texas. 28 U.S.C. § 1332(a)(1)-(2).

12.  Tyson Foods, Inc. is a Delaware corporation with a principal place of business in Springdale, Arkansas. Thus, it is a citizen of Delaware and Arkansas. 28 U.S.C. § 1332(a)(c)(1).

## III.  The amount in controversy is in excess of $75,000.

13.  Plaintiff's Original Petition and Request for Disclosure states that the amount sought in this lawsuit is more than $250,000.00, but less than $1,000,000.00. Any amount in that range is in excess of $75,000.00.

Respectfully submitted,

*/s/ C. Jason Fenton*
Kelly Utsinger
Texas Bar No.: 20416500
kelly.utsinger@uwlaw.com
C. Jason Fenton
Texas Bar No.: 24087505
jason.fenton@uwlaw.com
Underwood Law Firm, P.C.
P.O. Box 9158
Amarillo, TX 79105
(806) 376-5613
(806) 379-0316 – FAX

**Counsel for Tyson Foods, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that that on the 28th day of December 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The following were served by the CM/ECF system and by email:

Scott P. Armstrong        sarmstrong@armstronglee.com
Aaron K. Bender           sarmstrong@armstronglee.com
                                  service@armstronglee.com

**ARMSTRONG & LEE**
2900 North Loop West, Suite 830
Houston, Texas 77092

*Counsel for Plaintiff*

/s/ C. Jason Fenton

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| **MARY BULLINGER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. _____** |
| **TYSON FOODS, INC.** | § | |
| | § | |
| **Defendant.** | § | **JURY DEMANDED** |

## INDEX

| Exhibit | Description |
|---|---|
| Exhibit A | Cause No. 110086-C-CV; *Mary Bullinger v. Tyson Foods, Inc.*, in the 251st District Court In and for Potter County, Texas; Plaintiff's Original Petition and Request for Disclosure |
| Exhibit B | Cause No. 110086-C-CV; *Mary Bullinger v. Tyson Foods, Inc.*, in the 251st District Court In and for Potter County, Texas; Docket Sheet |

Filed
Carley Snider
District Clerk
11/24/2020 8:00 AM
Potter County, Texas
By BN Deputy

110086-C-CV

CAUSE NO. _____

| | | |
|---|---|---|
| MARY BULLINGER | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | POTTER COUNTY, TEXAS |
| | § | Potter County - 251st District Court |
| TYSON FOODS, INC. | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

---

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Mary Bullinger ("***Plaintiff***") files this Original Petition against Defendant Tyson Foods, Inc. ("***Defendant***").

### DISCOVERY LEVEL 2

1.      Under the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Discovery Control Plan Level 2.

### PARTIES

2.      Plaintiff is an individual residing in Potter County, Texas. Plaintiff may be served through the undersigned counsel.

3.      Defendant Tyson Foods, Inc. is a corporation conducting substantial operations in Texas. Defendant may be served by serving its agent for service of process, CT Corp., at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Plaintiff requests issuance of citation to Defendant Tyson Foods, Inc.

**Exhibit A**

## JURISDICTION & VENUE

4.      Jurisdiction is proper in this Court because the amount-in-controversy is within the jurisdictional limits of this Court.  Plaintiff seeks monetary relief of $250,000 but less than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

5.      Venue is proper in this Court because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this county.

## FACTS

6.      Plaintiff Mary Bullinger worked as an employee of Tyson Foods Inc. at its warehouse located at 5000 FM 1912 Amarillo, Texas 79108.  Plaintiff's work duties consisted of removing slabs of meat off a conveyor belt system at that warehouse.

7.      On or about September 20, 2019, Plaintiff was removing meat from a conveyor belt to hook it to an upper conveyor belt.  While removing meat, Plaintiff injured her hip and lower-back.

8.      Defendant did not provide Plaintiff with a safe workplace and the necessary instrumentalities to perform her job safely.  Had Defendants provided Plaintiff with appropriate instrumentalities and a safe workplace, Plaintiff would not have suffered the injuries that she sustained.

9.      As a result of the incident, Plaintiff suffered severe injuries.

## CAUSES OF ACTION
### Count One
### (Negligence)

10.    Plaintiff incorporates by reference the above paragraphs here.

11.    Defendant committed various acts and/or omissions constituting negligence. At the time and occasion in question, Defendant failed to use ordinary care by various acts and/or omissions, including but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

      a.  Failing to maintain a safe work environment for Plaintiff;

      b.  Failing to develop and implement proper safe workplace protocol;

      c.  Failing to enforce any existent precautionary measures and safety protocols;

      d.  Failing to provide adequate instrumentalities for Plaintiff's work;

      e.  Failing to provide necessary assistance to Plaintiff; and

      f.  Other acts deemed negligent.

12.    Because Plaintiff was Defendant's employee, Defendant had a duty to maintain a safe workplace, provide proper and necessary instrumentalities, training, assistance for Plaintiff to perform her work. The lack of proper instrumentalities, training, and assistance created an unreasonable risk of harm to Plaintiff.

13.    The risk of injury was known to Defendant. Yet, Defendant failed to take any remedial action for known hazards in the workplace. But for Defendant's failure to remedy known hazards, Plaintiff would not have been injured. The failure to ensure that the worksite was safe for workers created a foreseeable, known risk, and Defendant's negligence was therefore a direct and proximate cause of Plaintiff's injury.

3

14.     Defendant's negligence is both the cause-in-fact and a proximate cause of Plaintiff's damages.

15.     Defendant is directly liable for failing to properly train and/or supervise its employees who, in turn, failed to prevent or remedy the hazard that resulted in Plaintiff's injuries.

16.     Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this suit and Plaintiff's injuries.

## DAMAGES

17.     Plaintiff's damages include, *inter alia*, injuries to their hip and lower back, which resulted in severe pain, physical impairment, discomfort, mental anguish, distress, and other medical problems.  Plaintiff has incurred medical expenses, and is likely to incur future medical expenses, for the treatment of injuries caused by Defendant's negligence. Therefore, Plaintiff brings suit for the following damages:

      (1)     past and future physical pain and suffering;

      (2)     past and future lost wages;

      (3)     past and future physical impairment;

      (4)     past and future mental anguish; and

      (5)     past and future medical expenses.

## REQUEST FOR DISCLOSURE

18.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose and/or produce the information and materials described in Rule 194.2 within fifty days (50) of the service of this request.

## NONSUBSCRIBER

19.     At the time of the occurrence made the basis of this suit, Defendant was a nonsubscriber as described in Section 406.003 of the Texas Labor Code, because Tyson Food Inc. did not have a workers' compensation policy in force to cover this occurrence. Therefore, Defendant is barred from raising the common law defenses of contributory negligence, assumption of the risk, or the fellow servant doctrine, as outlined in Section 4069.033(a) of the Texas Labor Code.

## DEMAND FOR JURY TRIAL

20.     Plaintiff demands a trial by jury on all claims.

## PRAYER

Plaintiff prays that Defendant be cited to appear herein and, after a trial on the merits, that the Court enter judgment awarding Plaintiff actual damages and additional damages as allowed by law, costs of court, pre- and post-judgment interest to the maximum extent as allowed by law, and all such other and further relief, both general and special, at equity and at law, to which Plaintiff may be justly entitled.

5

Respectfully submitted,

**ARMSTRONG & LEE LLP**

By: ___*/s/ Aaron K. Bender*___
  Scott P. Armstrong
  State Bar No. 24092050
  Aaron K. Bender
  State Bar No. 24101502
2900 North Loop West, Ste. 830
Houston, Texas 77092
Telephone: (832) 709-1124
Facsimile: (832) 709-1125
abender@armstronglee.com
sarmstrong@armstronglee.com
service@armstronglee.com

**ATTORNEYS FOR PLAINTIFF**

6

CAUSE NO. 110086-C-CV

| | | |
|---|---|---|
| MARY BULLINGER | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | POTTER COUNTY, TEXAS |
| | § | |
| TYSON FOODS, INC - | § | |
| HEADQUARTERS | § | |
| Defendant. | § | 251ST JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANT TYSON FOODS, INC - HEADQUARTERS

**To: Defendant Tyson Foods, Inc., 2200 W Don Tyson Pkwy Springdale, AR 72762**

Plaintiff serves these interrogatories, requests for production, and requests for admission pursuant to the Texas Rules of Civil Procedure. Plaintiff's interrogatories must be separately answered by Defendant fully, in writing, and under oath. Defendant shall serve written responses to this request within fifty (50) days after the date of service. Defendant shall provide the requested documents for inspection and copying at the law offices of Armstrong & Lee LLP, 2900 N Loop W, Ste 830, Houston, Texas 77092.

---

### PLEASE SERVE WITH PLAINTIFF'S
### ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

*[Signature on following page.]*

Respectfully submitted,

**ARMSTRONG & LEE LLP**

By: ___/s/ Aaron K. Bender_____

Scott P. Armstrong
State Bar No. 24092050
Aaron K. Bender
State Bar No. 24101502
2900 North Loop West, Ste. 830
Houston, Texas 77092
Telephone:     (832) 709-1124
Facsimile:      (832) 709-1125
sarmstrong@armstronglee.com
abender@armstronglee.com
service@armstronglee.com

**ATTORNEYS FOR PLAINTIFF**

---

## NOTICE PURSUANT TO RULE 193.7

---

Plaintiff Mary Bullinger serves this Notice Pursuant to Rule 193.7 that all documents produced by Defendant Tyson Foods, Inc. are authenticated. Plaintiff currently intends on introducing all documents produced by Defendant at the trial of this matter and intends on using such documents as allowed by the Texas Rules of Evidence and Rule 193.7.

## I.

## DEFINITIONS AND INSTRUCTIONS

1. Under the Texas Rules of Civil Procedure, you are under a duty to amend a prior answer to an interrogatory if it obtains obtain information upon the basis of which:

    a. You know that the answer was incorrect when made; or

    b. You know that the answer, though correct when made, is no longer true and the circumstances are such that a failure to amend the answer is in substance a knowing concealment.

2. The terms **"you," "your," "yours", "Defendant"** or **"Defendants"** shall mean, unless otherwise specified in a particular request, the Defendants named in this lawsuit and/or any agent, representative, employee, your insurance providers, their agents, their employees, your attorneys, your accountants, your investigators, or any individual and/or entity acting on your behalf.

3. The terms **"document"** or **"documents"** shall mean all documents and tangible things, in the broadest sense allowed under Texas law, and include, but are not limited to, information contained in computer storage and other electronic information retrieval systems, drafts, originals and nonconforming copies which contain deletions, insertions, handwritten notes or comments, however produced or reproduced, or to any other tangible permanent record, and without limitation, shall include, among other things, accident reports, medical reports, work safety logs, employment records, all marketing material, bids, letters, correspondence, records of discussions, conferences, memoranda, notes, telegrams, summaries, telephone logs and records, teletypes, bank checks, bank deposits and withdrawal slips, bank credit and debit memoranda, records, telexes, private wire messages, communications, calendars, diaries, appointment books, agenda of meetings, conversations, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, financial audits, contracts, agreements or proposed agreements, confidentiality agreements, periodicals, charts, graphs, interviews, speeches, transcripts, depositions, press releases, brochures, books of account, affidavits, communications with government bodies, invoices, notes and minutes of meetings of Boards of Directors, audit committees, financial committees and executive committees, interoffice communications, results of investigations, working papers, newspaper or magazine articles, records of payments, releases, receipts, computer programs and printouts, maps, blue prints, liftings, tax returns, vouchers, subpoenas, papers similar to any of the foregoing and other writings of every kind and descriptions (whether or not actually used) in your possession, custody or control; and other records of voice recordings, film, tapes, and other data compilations from which information can be obtained whether these are resident on paper or other media such as magnetic, electronic, or optical.

4. You are to produce all documents that are in the possession, control or custody of you or in the possession, control or custody of any attorney for you. This includes, but is not limited to, documents in the possession, custody, control of you, your attorneys, agents, employees, investigators, consultants, and experts, as well as any firm, subsidiary, parent, affiliated, or related entity, and any other entity or business in which you own a controlling interest or over which you exercise control. You are required to use reasonable diligence to locate the documents, including those that are not in your immediate possession. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

5. With respect to hard copy or paper production, all documents responsive to this request shall be produced in their original form.

6. All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original documents being produced.

7. Unless otherwise indicated, documents requested by this Document Request are documents referring to, relating to, or prepared during the last ten years.

8. This Document Request requires you amend or supplement your production of documents called for by this Document Request.

9. In the event that any document requested has been lost or destroyed, you shall identify such document and, in addition, specify (a) the date of its loss or destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

10. Plaintiff(s) requests that you provide a privilege log containing the descriptions specified in Rules for each document not produced because of a claim of privilege. Such descriptions shall specify in writing with respect to each purportedly privileged document, its author(s), recipient(s), nature (e.g. memorandum, letter), date, subject matter, the nature of the claimed privilege and all facts you rely on to support the claim of privilege. Plaintiff(s) requests that you provide such descriptions within fifteen days after service of your response, or responses, to these documents requests.

11. If you object to any part of a document request, you shall produce all documents, or any portions thereof, covered by the request to which you do not object.

12. Responsive Electronically Stored Information ("**ESI**") shall be produced in native form; that is, in the form in which the information and/or documents were customarily created, used, and stored by the native application employed by you in the ordinary course of business.

13. The terms "**and/or**", "**or**", and "**and**" are used inclusively, not exclusively.

-4-

14. The singular includes the plural number, and vice versa.  The masculine includes the feminine and neuter gender.  The past tense includes the present tense where the clear meaning is not distorted by change of tense.

15. The terms "**identify**" or "**identity**" when used herein means:

   a.  With respect to a **natural person,** all that you know or that you can determine about his or her full name or names, title, present or last known employer or job description, and present or last known home and business addresses.

   b.  With respect to an **entity or organization which is not a natural person,** all that you know or that you can determine about its full name or names, dates and places of formation, principal places of business, and business addresses.

   c.  With respect to **documents,** all that you know or that you can determine about title, type of documents, date, author, addressee, recipients, any identifying numbers on such documents, substance of its contents, subject matter, present location, present custodian, and each person who has possession, custody, or control over each copy of each document.

   d.  With respect to a **physical object,** all that you know or that you can determine about its common name, identifying number(s), manufacturer and date of manufacture of the object.

   e.  With respect to an **event,** all that you know or can determine about the date, time, place, participants, actions taken, and results obtained.

16. The terms "**custodial document**", "**custodial documents**", "**custodial file**", or "**custodial files**" shall mean all documents maintained by your current employees and past employees (while they were employed). For example, custodial documents include each document on and/or in an individual employee's computer, voice mail, office desk, office filing cabinet or storage system, file storage maintained by that person outside of his/her office, and any other location in which that employee keeps or kept documents. If you have failed to preserve or no longer have custodial documents for any current or past employee implicated by these Requests, please comply with Instruction 5 above.

17. The terms "**communication**" or "**communications**" includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information of any nature whatsoever, by or to whomever, whether oral, written, or face-to-face, by telephone, U.S. mail, personal delivery, electronic mail, computer, or otherwise, specifically including, without limitation, correspondence, conversations, dialogue, discussions, interviews, consultations, agreements, and other understandings.

18. The term "**information**" should be construed in the broadest possible sense. It is intended reference both facts and applicable principles. This term should not be construed to be limited by any method of acquisition or compilation and should, therefore, be construed to include oral information as well as documents.

-5-

19. The terms "**person**" or "**persons**" includes, without limitation, a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

20. The terms "**entity**" or "**entities**" includes, without limitation, any corporation, corporate form (such as a limited partnership, limited liability partnership, or limited liability company), parent company, affiliate, subsidiary, partner, member, venture, partnership, or any other structure (or a chain of successive entities) that conducts business, has conducted business, or anticipates conducting business.

21. The terms "**expert**", "**experts**", "**expert witness**", or "**expert witnesses**" shall mean any person or entity who may be called upon as an expert witness at trial and any person or entity used for consultation who is not expected to be called as a witness at trial, but whose opinions, work product, or mental impressions have been reviewed or relied upon by a testifying expert.

22. The terms "**concerning**" or "**relating to**" shall mean referring to, reflecting or related in any manner, logically, factually, indirectly or directly to the matter discussed.

23. The terms "**describe**" or "**describing**" when used in reference to any documents or tangible evidence includes, without limitation, stating the title or name, date, time, author of documents, the common name, identifying number, manufacturer and date of manufacture of any object and the name and address of the person(s) having possession, custody, or control of such at the present time.

24. The terms "**evidencing**" shall mean constituting, reflecting, memorializing, referring to and/or supporting – logically, factually, indirectly or directly – the matter discussed.

25. The term "**damages**" shall mean all claims for relief alleged by Plaintiff(s) in the latest Complaint.

26. The terms "**accident**", "**incident**", or "**occurrence**" shall mean, unless otherwise indicated, the events which give rise to this lawsuit described in Plaintiff(s) live petition.

27. The terms "**JSA**", "**JHA**", "**job safety analysis**", or "**job hazard analysis**" include without limitation, all safety meeting minutes, reports, handouts, documents, or other related materials.

28. The term "**premises**" or "**facility**" shall refer to the premises where Plaintiff was injured.

29. The term "**conveyor belt**" shall refer to the conveyor belt system used by Tyson Foods, Inc. warehouse in Amarillo to pick lean meat.

## II.
## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

1. State the name, address, telephone number, and driver's license (including state issued) and title of any person answering these interrogatories and the name, address, telephone number and title of any person assisting in the answering of these interrogatories, and state whether you are authorized to answer these Interrogatories on behalf of Defendant.

   ANSWER:

2. State when, where, and under what circumstances you first became aware that Plaintiff was involved in the incident made the basis of this suit.

   ANSWER:

3. Identify all supervisors on duty at the premises on the date of the incident made the basis of this suit.

   ANSWER:

4. Describe in your own words how the incident made the basis of this lawsuit occurred and state specifically in detail what your claim or contention will be regarding the cause or contributing causes of the incident. This is not a request to marshal all proof.

   ANSWER:

5. Identify all employees, agents, contractors and other persons under your control at the premises in question on the date of the incident, including job title, responsibilities, and work hours on that date.

   ANSWER:

6. Identify all persons, including employees, contractors, and patrons at the premises in question on the date of the incident whom you know or have reason to believe witnessed any part of the incident in question. Please include name, title (if employed by you), address and phone number of every such person.

   ANSWER:

7. Explain any safety protocols and/or policies in place pertaining to the conveyor belt system at the premises in question on the date of the incident.

   ANSWER:

8.   Please describe any and all interaction and/or correspondence any of your employees or agents have had with Plaintiff on the date of the incident or thereafter, including but not limited to all interactions, procedures, and treatment rendered on or after the date of the incident.

     ANSWER:

9.   Describe the training Defendant requires its employees to attend and/or complete prior to being permitted to work at the premises.

     ANSWER:

10.  Describe the training that Defendant provided its employees and/or agents concerning the conveyor belt system at the premises in question.

     ANSWER:

11.  Identify every piece of equipment that Defendant provided its employees and/or agents working on the conveyor belt system at the premises in question or otherwise perform their job-related duties at the premises.

     ANSWER:

12.  Identify the employees, personnel and/or Defendant's agents who were responsible at the time of the incident in question to assist Plaintiff with work tasks.

     ANSWER:

13.  Please fully describe any actions, protocols, follow-up or standard operating procedures, if any, that are typically taken after an employee is injured while in the course and scope of his or her employment.

     ANSWER:

14.  If it is the Defendant's contention/opinion that the Plaintiff or any agent of the Plaintiff has made any statement, declaration, or admission contrary to the Plaintiff's allegations in this lawsuit, please state completely and fully all representation, statements, declarations, or admissions made by this party or any agents, servants, or employees of this party that are contrary to the Plaintiff's allegation in this lawsuit. If they are contained on a document, please identify such document which the Defendant believes supports the contention/opinion. Please identify with such particularity as would be required of the Defendant in responding to a request for production.

     ANSWER:

15. Identify each person or entity who has ever sued the Defendant or who has ever written or caused to be written any letter to the Defendant threatening to sue the Defendant over the past five (5) years in relation to Defendant's use or selection of subcontractors. State the style and nature of the suit or threatened suit, identify any attorney who represented the Defendant and identify any attorney who represented any other person in the suit or threatened suit, and the final disposition of the suit or threatened suit.

ANSWER:

16. Identify each and every employee and/or agent that had any interaction with the Plaintiff on the day of the incident.

ANSWER:

17. If Defendant or Defendant's counsel now or hereafter alleges, believes, or contends that Plaintiff had any preexisting physical or mental condition or disability which caused or contributed to the incident or any condition or disability thereafter, state:

   a. All of Defendant's legal contentions and the factual bases for those contentions to support Defendant's allegations, belief, or contention that any condition or disability of Plaintiff was caused by any pre-existing physical or medical condition or disability of Plaintiff;

   b. The name of each person known to Defendant who observed, and each person trained in medicine that holds the opinion, that any pre-existing physical or medical condition or disability of Plaintiff caused the incident or any condition or disability thereafter.

ANSWER:

18. Please describe any written warnings and/or instructions posted at your premises to inform of any potential danger relating the subject leak.

ANSWER:

19. Describe the training Defendants require its employees and/or contractors to attend and/or complete prior to being permitted to work at the premises.

ANSWER:

20. Please describe Tyson Food Inc.'s policies and protocols for dealing with work place injuries.

ANSWER:

21. Please describe Tyson Food Inc.'s policies and protocols for injured employees returning to work.

    ANSWER:

22. Please state the factual basis for all pled affirmative defenses.

    ANSWER:

## **VERIFICATION**

**STATE OF** _____ §

§

**COUNTY OF** _____ §

      Before me, the undersigned authority, personally appeared Tyson Foods, Inc., who stated upon oath that the statements made in response to Plaintiff's First Set of Interrogatories are true and correct.

_____

Affiant

**SUBSCRIBED AND SWORN BEFORE ME** on _____,

by _____.

_____

Notary Public, State of _____

My commission expires:_____

### III.

### **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT**

#### A. **Insurance Coverage:**

1.      Produce copies of all policies of insurance that cover the occurrences in question, including but not limited to general liability coverage(s) and excess coverage(s), which were in effect on the date of incident made the basis of this suit.

2.      Produce all correspondence and any other related documents by and between Defendant and its insurance company which in any way relates to, directly or indirectly, coverage for Plaintiff's injuries and damages arising out of the incident made the basis of this suit.

#### B. **The Incident in Question:**

3.      Produce all emails relating to the incident.

4.      Produce copies of all incident and/or incident reports relating, referencing, or concerning the incident made the basis of this suit.

5.      Produce copies of all federal, county, city, state, police, or other governmental reports and/or investigations concerning or regarding the incident made the basis of this suit.

6.      Produce copies of all objects, photographs, drawings, reports, statements, or otherwise described documents or objects in the possession of Defendant in reference to the incident. This specifically includes any and all reports and written or electronically recorded statements made by Defendant to any other person, organization or governmental entity.

7.      Produce copies of all correspondence between you and any other person concerning the incident in question.

8.      Produce all witness statements relating to, referencing, or concerning the incident in question.

9.      Produce and all written or recorded statements, and summaries thereof, given or taken by any person in connection with the incident or the filing of this suit.

10.     Produce all photographs, videos, drawings, diagrams, reconstructions, or other depictions of the incident scene, Plaintiff, the premises, or other relevant objects and/or equipment that concern the incident question.

11.     Produce all correspondence, fax, memoranda, invoices, contracts, telephone messages, text messages, and/or email by and between any and all parties to this case which in any way concerns, refers to, or relates to the incident in question.

12.     Produce all cell phone records (including text messages) for all people identified in response to Plaintiff's Interrogatory No. 5 the time of the incident for the month before and after the incident in question.

13.     Produce all citations or warnings issued to Defendant and/or any employee of Defendant in connection with the incident in question.

14.     Produce copies of all objects, photographs, drawings, reports, statements, or otherwise described documents or objects in the possession of Defendant in reference to the incident.

15.     Produce all reports and written or electronically recorded statements made by Defendant and/or any employee of Defendant to any other person, organization, entity, or governmental or regulatory agency or authority that relate to the incident made the basis of this suit.

16.     Produce the entire investigation file of this Defendant, or its agents and/or representatives, prepared or assimilated prior to the date of filing of this lawsuit that relate to the incident question, Plaintiff, and/or Plaintiff's claims, injuries, and/or damages made the basis of this suit.

17.     Produce all final and/or draft root cause analysis and/or reports relating to the incident in question.

18.     Produce all documents which identify the members or participants in any incident investigation or root cause determination performed by Defendant on or at the request of Defendant.

19.     Produce all non-privileged investigation reports, root cause analysis and/or reports relating to the incident question created or reviewed by any third party.

20.     Produce the credentials, resume and curriculum vitae of the company doctor who treated Plaintiff for her injuries

21.     Produce all non-privileged, related medical findings, reports and conclusions of the company doctor who treated the plaintiff.

## C. Defendant & Defendant's Employees:

22.     Produce copies of the complete employee file (or files) maintained by Defendant on any employee of Defendant identified in response to Plaintiff's Request for Disclosure or in response to Plaintiff's Interrogatory No. 5, Interrogatory No. 6, and/or Interrogatory No. 16.  In responding, please include the employee's:

       a.  Application for Employment;

-13-

     b.  Medical Examination Report;

     c.  Medical Examiner's Certificate;

     d.  Training Record;

     e.  Any complaints made that concern the employee;

     f.  Employment Eligibility Verification; and

     g.  Photocopy of Driver's License.

23.    Produce copies of all medical examinations, drug tests, and certification of medical examinations relating to any employee of Defendant identified in response to Plaintiff's Request for Disclosure or in response to Plaintiff's Interrogatory No. 5, Interrogatory No. 6, and/or Interrogatory No. 16.

24.    Produce copies of all actual training tests administered to Defendant's employees identified in response to Plaintiff's Request for Disclosure or in response to Plaintiff's Interrogatory No. 5, Interrogatory No. 6, and/or Interrogatory No. 16.

25.    Produce all training notes, certificates and attendance lists relative to any employee of Defendant identified in response to Plaintiff's Request for Disclosure or in response to Plaintiff's Interrogatory No. 5, Interrogatory No. 6, and/or Interrogatory No. 16, regardless of the date issued or the originator of such certificates.

26.    Produce all records referring to the prior and current employers of any employee of Defendant identified in response to Plaintiff's Request for Disclosure or in response to Plaintiff's Interrogatory No. 5, Interrogatory No. 6, and/or Interrogatory No. 16.

27.    Produce all records referring to any employee of Defendant identified in response to Plaintiff's Request for Disclosure or in response to Plaintiff's Interrogatory No. 5, Interrogatory No. 6, and/or Interrogatory No. 16 that concern the criminal justice system.

28.    Produce copies of all hiring, suspension, termination, warning notices, complaints, letters, memorandums and any other similar type documents, however named, relating to any employee of Defendant identified in response to Plaintiff's Request for Disclosure or in response to Plaintiff's Interrogatory No. 5, Interrogatory No. 6, and/or Interrogatory No. 16.

29.    Produce copies of all certifications, citations, correspondence, violations, warnings, or any other document received by any law enforcement or regulatory agency relating to the premises for the five (5) years preceding the date of the incident made the basis of this lawsuit.

30. Produce copies of all certifications, citations, correspondence, violations, warnings, or any other document received by any law enforcement or regulatory agency relating to the premises created at any time since the incident made the basis of this lawsuit.

31. Produce all policies and procedures in place for investigations of incidents involving workplace injuries of your employees and/or agents.

32. Produce copies of all documents, including policies and instruction manuals which the Defendant provides its employees during the hiring and/or orientation process and/or to contractors hired by you.

33. Produce copies of all manuals and test materials used by Defendant to monitor and evaluate the performance of its employees.

34. Produce all of Defendant's operations, procedures, and employee manuals for the past five years.

35. Produce all of Defendant's employee handbooks for the past five years.

36. Produce all of Defendant's safety manuals for the past five years.

37. Produce all of Defendant's safety videos for the past five years.

38. Produce all of Defendant's safety presentations for the past five years.

39. Produce a copy of Defendant's incident investigation kit.

40. Produce a copy of all JSA's, safety meeting, or "pre-shift meeting" materials, handouts, minutes, outlines, testing material, demonstrations, or other related documents for the month prior to the incident, including the date of the incident in question.

41. Produce a copy of all JSA's, safety meeting, or "pre-shift" materials, handouts, minutes, outlines, testing material, demonstrations, or other related documents for the month following the incident.

42. Produce all Documents which identify what steps, if any, Defendant took to ensure that any employee of Defendant identified in response to Plaintiff's Request for Disclosure or in response to Plaintiff's Interrogatory No. 5, Interrogatory No. 6, and/or Interrogatory No. 16 were fit to perform their job.

43. Produce all documents concerning any remedial measures taken in regard to the policies and procedures in question after the events giving rise to this lawsuit

44. Produce all documents concerning any remedial measures taken in regard to the premises in question after the events giving rise to this lawsuit.

45. Produce all documents concerning any remedial measures taken in regard to the conveyor belt, conveyor belt system and protocols for unloading meat in question after the events giving rise to this lawsuit.

-15-

46. Produce all documents concerning any subsequent or remedial measures taken in regard to the manner in which injured employees are released to work after the events giving rise to this lawsuit.

47. Produce all documents concerning the, repair or modification to the conveyor belt or conveyor belt system on the premises for the year before, including and after the incident made the basis of this suit.

48. Produce all documents relating to events that are substantially similar to the events giving rise to this lawsuit.

49. Produce all documents supporting any defenses (affirmative or otherwise) raised by you to the allegation set forth in Plaintiff's latest petition.

50. Produce all documents relating to the conveyor at the premises, including any installation instructions, maintenance documents, warranty materials or recalls.

**D. Documents Relating to Plaintiff:**

51. Produce copies of any contracts or agreements between you and Plaintiff.

52. Produce all documents that concern, refer to, or relate to Plaintiff.

53. Produce copies of any and all medical records obtained by Defendant pertaining to Plaintiff.

54. Produce all reports prepared regarding treatment rendered to Plaintiff at or near the time of the incident made the basis of this lawsuit.

55. Produce copies of all incident, injury, disability or injury reports on Plaintiff.

56. Produce all medical records that refer to Plaintiff, including medical records that predate the occurrences in question.

57. Produce copies of any and all employment records obtained by Defendant pertaining to Plaintiff.

58. Produce all records referring to Plaintiff and relating Plaintiff's prior and/or current employers.

59. Produce copies of any and all tax, social security, and/or IRS records obtained by Defendant pertaining to Plaintiff.

60. Produce copies of all disability records obtained by Defendant pertaining to referencing Plaintiff.

61. Produce all records referring to Plaintiff concerning the criminal justice system.

62. Produce all written or recorded statements of Plaintiff taken by Defendant and/or any

agent or representative of Defendant.

63.    Produce copies of any statements given to Defendant or by Plaintiff or statements given by and otherwise obtained by Defendant from Plaintiff.

64.    Produce copies of all documents concerning communications between you and Plaintiff.

65.    Produce all surveillance of the Plaintiff regardless of the medium.

66.    Produce all correspondence, emails, reports, briefs, and/or memos concerning surveillance of Plaintiff.

67.    Produce all documents and other materials reviewed for purposes of surveillance on Plaintiff.

### E. Other Document Requests:

68.    Produce a copy of all contracts between you and any other person or entity concerning the premises where the incident made the basis of this suit occurred.

69.    Produce a copy of all purchase orders and/or work orders between you and any other person or entity concerning the premises where the incident made the basis of this suit occurred.

70.    Produce all text messages between you and any agent or representative of the owner of the premises.

71.    Produce all text messages between you and any agent or representative of the general contractor for the premises.

72.    Produce all text messages between you and any agent or representative of any subcontractor who was present on the premises at any time of the date of the incident made the basis of this suit.

73.    Produce all written communications between you and the owner of the premises.

74.    Produce all written communications between you and any agent or representative of the general contractor, supervisor, and/or manager for the premises.

75.    Produce all written communications between you and any agent or representative of any subcontractor who was present on the premises at any time on the date of the incident made the basis of this suit.

76.    Produce all documents which you have been asked to identify and/or to which you have made reference or identified in your responses to Plaintiff's Interrogatories to you.

77.    Produce all documents evidencing the extent of damage, either physical or monetary, to Plaintiff.

78.   Produce all settlement agreements or other documents setting forth the terms and conditions of any settlement entered into by you or your insurer(s) with any party to this suit.

79.   Produce copies of any documents reflecting settlements, compromises, agreements, deals, and/or understandings between Defendant and any other party concerning the lawsuit or the incident made the basis of this lawsuit.

80.   Produce all documents, contracts, correspondence and/or notes which concerns, refers to, or reflect potential parties to this action and persons with knowledge of relevant facts.

81.   Produce all documents relating to events that are substantially similar to the events underlying this lawsuit and relating to Defendant.

82.   Produce a copy of Defendant's code of ethics.

83.   Produce a copy of Defendant's document retention policy.

**IV.**

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT

1.   Admit that Defendant is a non-subscriber to Texas Workers' Compensation insurance.

2.   Admit that Plaintiff was an employee and/or agent of Defendant on the date of injury alleged in Plaintiff's First Amended Petition and Request for Disclosure.

3.   Admit that Defendant, as a non-subscriber to Texas Workers' Compensation insurance, has no basis to assert the affirmative defense that Plaintiff is the sole proximate cause of Plaintiff's alleged damages, if any.

4.   Admit that the Defendant had employees working at the premises where the incident in question occurred.

5.   Admit Plaintiff was injured as a result of the incident in question.

6.   Admit that persons other than Plaintiff have been injured at the premises at any time in the five (5) years preceding the date of the incident made the basis of this lawsuit.

7.   Admit that persons other than Plaintiff have been injured at the premises at any time since the date of the incident made the basis of this lawsuit.

8.   Admit that Defendant delayed in obtaining medical treatment for Plaintiff after the incident in question.

9.   Admit you have been properly named in Plaintiff's most recently filed Petition.

10.  Admit that an employee and/or agent of Defendant gave a written statement related to the incident made the basis of this suit.

13.  Admit that an employee and/or agent of Defendant gave an oral statement related to the incident made the basis of this suit.

14.  Admit that you investigated the cause of the incident made the basis of this suit.

15.  Admit that you performed a root cause analysis relating to the incident made the basis of this suit.

16.  Admit that your company discouraged Plaintiff from seeking medical treatment other than that of your company doctor.

17.  Admit that your company retaliated against Plaintiff for seeking medical treatment.

18.  Admit that Plaintiff went to the hospital to seek medical attention for her injuries.

19.  Admit that you hired or retained a third party to investigate the cause of the incident made the basis of this suit.

20.  Admit that you hired or retained a third party to investigate perform a root cause analysis of the incident made the basis of this suit.

21.  Admit that your investigation as to the cause of the incident made the basis of this suit concluded that the conduct of one or more of Defendant's employees was a proximate cause of the incident in question.

22.  Admit that your investigation as to the cause of the incident made the basis of this suit concluded that the conduct of one or more of Defendant's employees was the sole proximate cause of the incident in question.

23.  Admit that your investigation as to the cause of the incident made the basis of this suit concluded that Plaintiff's conduct was not a cause of the incident in question.

24.  Admit that the incident made the basis of this suit was avoidable.

25.  Admit that one or more of Defendant's employees did not take action to avoid the incident made the basis of this suit.

26.  Admit that you have photographs of the incident scene in your possession, custody, or control.

27.  Admit that Defendant and/or Defendant's employees instructed Plaintiff to unload the meat off the conveyor belt system.

28.  Admit that Plaintiff notified you she was injured after the initial incident occurring on September 20th, 2019.

29.  Admit that Defendant instructed Plaintiff to return to work with knowledge of her preexisting injury.

30.  Admit that prior to the incident, Plaintiff requested a safety equipment to perform her job duties.

31.  Admit that Defendant did not provide safety equipment to Plaintiff at the time of the incident to perform his/her job duties.

32.  Admit that the incident made the basis of this suit would not have occurred if Defendant had provided Plaintiff safety equipment at the time of the incident to perform his job duties.

33.     Admit that the incident made the basis of this suit would not have occurred if Defendant had provided Plaintiff with an employee to assist Plaintiff to perform his job duties.

34.     Admit that at the time of the incident it was Defendant's policy to provide Plaintiff with an employee to assist Plaintiff to perform his job duties.

35.     Admit that Defendant and/or Defendant's employees failed to provide adequate assistance to Plaintiff.

36.     Admit that Defendant failed to provide adequate safety equipment to Plaintiff.

37.     Admit that Defendant's company doctor failed to provide adequate care to Plaintiff.

38.     Admit that Defendant failed to provide adequate safety equipment to Defendant's employees working at the facility.

39.     Admit that Defendant did not provide adequate training to Plaintiff to perform work at the facility.

40.     Admit that Defendant did not provide any training to Plaintiff to perform work at the facility.

41.     Admit that Defendant failed to provide adequate training to its employees and/or agents working at the facility.

42.     Admit that Defendant failed to provide any training to its employees and/or agents working at the facility.

43.     Admit that at least one of Defendant's employees identified in response to Plaintiff's Request for Disclosure or in response to Plaintiff's Interrogatory No. 5, Interrogatory No. 6, and/or Interrogatory No. 16 were inadequately trained at the time of the incident made the basis of this suit.

44.     Admit that Plaintiff sustained personal injuries and damages as a proximate result of your conduct.

45.     Admit that Plaintiff sustained personal injuries and damages as a proximate result of the incident made the basis of this suit.

46.     Admit that Plaintiff's conduct was not a proximate cause of the incident made the basis of this suit.

47.     Admit that Plaintiff had no relevant pre-existing medical conditions at the time of the incident made the basis of this suit.

48.     Admit that Plaintiff was not under the influence of any medication, narcotic, or other intoxicating substance at the time of the incident made the basis of this suit.

-21-

49.   Admit that you have conducted video surveillance on the Plaintiff.

50.   Admit that you have conducted audio surveillance on the Plaintiff.

51.   Admit that you have conducted visual surveillance on the Plaintiff.

52.   Admit that you have obtained a written statement from the Plaintiff relating to the incident made the basis of this suit or Plaintiff's resulting injuries or damages.

53.   Admit that you have obtained a recorded statement from the Plaintiff relating to the incident made the basis of this suit or Plaintiff's resulting injuries or damages.

54.   Admit that you attempted to obtain a written and/or recorded statement from the Plaintiff relating to the incident made the basis of this suit or Plaintiff's resulting injuries or damages.

55.   Admit that Plaintiff required necessary medical treatment as a result of the incident made the basis of this suit.

56.   Admit that you maintain insurance that covers your liability in this lawsuit.

57.   Admit that you maintain insurance coverage for medical expenses of persons injured on your premises.

58.   Admit that you have made no offer to resolve or settle Plaintiff's claims.

59.   Admit that you owned the premises involved in the incident in question.

60.   Admit that you or your employees inspected the conveyor belt and conveyor belt system prior to the incident in question.

61.   Admit that your or your employees inspected the conveyor belt and conveyor belt system subsequent to the incident in question.

62.   Admit that the owner of the premises had knowledge of the unsafe manner the conveyor belt system manifested at the premises on the day of the incident in question.

63.   Admit that this Defendant had knowledge of the unsafe working conditions the conveyor belt system presented at the premises on the day of the incident in question.

64.   Admit that the premises involved in the incident in question was being operated by the Defendant.

-22-

65.     Admit that this Defendant had control over the premises involved in the incident in question.

66.     Admit that this Defendant was in control of the work being done on the subject leak.

67.     Admit you have been properly named in Plaintiff's most recently filed Petition/Complaint.

68.     Admit that venue is proper.

69.     Admit that this is a convenient forum.

70.     Admit that the Court in which this matter is pending has personal jurisdiction over you.

71.     Admit that the Court in which this matter is pending has subject matter jurisdiction over this matter.

72.     Admit that you have no basis in law or fact to assert as an affirmative defense, lack of personal jurisdiction.

73.     Admit that you have no basis in law or fact to assert as an affirmative defense, lack of subject matter jurisdiction.

**CT Corporation**

**Service of Process Transmittal**
12/03/2020
CT Log Number 538689076

**TO:**     Amanda Rupert
Tyson Foods, Inc.
2200 W DON TYSON PKWY
SPRINGDALE, AR 72762-6901

**RE:**     **Process Served in Texas**

**FOR:**    Tyson Foods, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARY BULLINGER, PLTF. vs. TYSON FOODS, INC., DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 110086CCV |
| **NATURE OF ACTION:** | Employee Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/03/2020 at 03:43 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/03/2020, Expected Purge Date: 12/08/2020 |
| | Image SOP |
| | Email Notification,  Loriane Pickell  loriane.pickell@tyson.com |
| | Email Notification,  Jane Duke  jane.duke@tyson.com |
| | Email Notification,  Amanda Rupert  amanda.rupert@tyson.com |
| | Email Notification,  Sue Arens  sue.arens@tyson.com |
| | Email Notification,  Eli Glasser  eli.glasser@tyson.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

Page 1 of  1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Thu, Dec 3, 2020

**Server Name:**                   DON ANDERSON

| Entity Served | TYSON FOODS, INC. |
|---|---|
| Agent Name | CT CORPORATION SYSTEM |
| Case Number | 110086-C-CV |
| Jurisdiction | TX |



| | | |
|---|---|---|
| **P.O. Box 9570** | **POTTER COUNTY** | **Phone: 806-379-2300** |
| **Amarillo, Texas 79105-9570** | **Carley Snider, District Clerk** | **Fax: 806-372-5061** |
| **501 S. Fillmore-Suite 1B** | http://www.co.potter.tx.us/page/potter.District.Clerk | districtclerk@co.potter.tx.us |

THE STATE OF TEXAS
CIVIL

### CITATION-PERSONAL SERVICE

CAUSE NO. 110086-C-CV
STYLE: MARY BULLINGER  V. TYSON FOODS, INC
IN AND FOR THE: 251ST DISTRICT COURT

TO: TYSON FOODS, INC.   BY SERVING IT'S REGISTERED AGENT:  CT  CORPORATION
1999 BRYAN STREET SUITE 900
DALLAS TX  75201

**NOTICE:** YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT
FILE A **WRITTEN ANSWER** WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE
MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS
CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

THE ADDRESS OF THE CLERK IS SHOWN ABOVE. THE PLAINTIFF'S PETITION WAS FILED NOVEMBER 24,
2020 IN THE 251ST DISTRICT COURT LOCATED AT AMARILLO, POTTER COUNTY, TEXAS.

ATTACHED HERETO IS: PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

THE ATTORNEY FOR THE PLAINTIFF IS:
AARON K BENDER                    2900 N LOOP WEST STE 830              832-709-1124
                                  HOUSTON TX  77092

**ISSUED AND GIVEN UNDER MY HAND AND SEAL: NOVEMBER 25, 2020**

CARLEY SNIDER, CLERK OF THE COURT
POTTER COUNTY, TEXAS
(OFFICER'S RETURN FOLLOWS)

BY DEPUTY:

ORIGINAL FOR RETURN

**P.O. Box 9570**       **POTTER COUNTY**       **Phone: 806-379-2300**

**Amarillo, Texas 79105-9570**    **Carley Snider, District Clerk**      **Fax: 806-372-5061**

**501 S. Fillmore-Suite 1B**    http://www.co.potter.tx.us/page/potter.District.Clerk **districtclerk@co.potter.tx.us**

### RETURN OF SERVICE

CAUSE NO. 110086-C-CV
STYLE: MARY BULLINGER  V. TYSON FOODS, INC
IN AND FOR THE: 251ST DISTRICT COURT

CAME TO HAND ON THE _____ DAY OF _____, 20__, AT _____, O'CLOCK __.M., AND
EXECUTED IN _____ COUNTY, TEXAS BY PERSONALLY DELIVERING TO THE
NAMED DEFENDANT(S), A TRUE COPY OF THIS CITATION WITH THE DATE OF DELIVERY ENDORSED THEREON,
TOGETHER WITH ACCOMPANYING COPY OF PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE,IN
PERSON, AT THE FOLLOWING TIMES AND PLACES, TO-WIT:
NAME OF INDIVIDUAL, CORPORATION, OR AGENT SERVED:

_____
_____

ADDRESS:_____
DATE: _____, 20__ AT_____ O'CLOCK ___.M.

AND NOT EXECUTED AS TO THE DEFENDANT(S),

_____
THE DILIGENCE USED IN FINDING SAID DEFENDANT(S) BEING:

_____
AND THE CAUSE OR FAILURE TO EXECUTE THIS PROCESS IS:

_____
AND THE INFORMATION RECEIVED AS TO THE WHEREABOUTS OF SAID DEFENDANT(S) BEING:

_____
_____

FEES:
SERVING CITATION $_____

             _____, SHERIFF
             _____, COUNTY, TEXAS
      BY: _____ , DEPUTY
             _____, AFFIANT

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

IN ACCORDANCE WITH RULE 107: THE OFFICER OR AUTHORIZED PERSON WHO SERVES, OR ATTEMPTS TO SERVE, A CITATION SHALL SIGN THE
RETURN.  THE RETURN MUST EITHER BE VERIFIED OR BE SIGNED UNDER PENALTY OF PERJURY. A RETURN SIGNED UNDER PENALTY OF PERJURY
MUST CONTAIN THE STATEMENT BELOW IN SUBSTANTIALLY THE FOLLOWING FORM:
"MY NAME IS _____, MY DATE OF BIRTH IS_____, AND MY
ADDRESS IS _____.
**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.** -
Executed in _____County, State of_____, on the
_____day of _____, 20____.


_____
Declarant/Authorized Process Server

_____
ID # & expiration of certification

**P.O. Box 9570**                      # POTTER COUNTY                      **Phone: 806-379-2300**

**Amarillo, Texas 79105-9570**        **Carley Snider, District Clerk**        **Fax: 806-372-5061**

**501 S. Fillmore-Suite 1B**     http://www.co.potter.tx.us/page/potter.District.Clerk districtclerk@co.potter.tx.us

THE STATE OF TEXAS                                                                          CIVIL

### CITATION-PERSONAL SERVICE

CAUSE NO. 110086-C-CV

STYLE: MARY BULLINGER V. TYSON FOODS, INC

IN AND FOR THE: 251ST DISTRICT COURT


TO: TYSON FOODS, INC. BY SERVING IT'S REGISTERED AGENT:  CT  CORPORATION

1999 BRYAN STREET SUITE 900

DALLAS TX 75201


**NOTICE:** YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT
FILE A **WRITTEN ANSWER** WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE
MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS
CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

THE ADDRESS OF THE CLERK IS SHOWN ABOVE. THE PLAINTIFF'S PETITION WAS FILED NOVEMBER 24,
2020 IN THE 251ST DISTRICT COURT LOCATED AT AMARILLO, POTTER COUNTY, TEXAS.

ATTACHED HERETO IS: PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

THE ATTORNEY FOR THE PLAINTIFF IS:

AARON K BENDER            2900 N LOOP WEST STE 830            832-709-1124
                         HOUSTON TX  77092


**ISSUED AND GIVEN UNDER MY HAND AND SEAL: NOVEMBER 25, 2020**

                                        CARLEY SNIDER, CLERK OF THE COURT
                                                    POTTER COUNTY, TEXAS
                                                (OFFICER'S RETURN FOLLOWS)


BY DEPUTY:



| | | |
|---|---|---|
| **P.O. Box 9570** | **POTTER COUNTY** | **Phone: 806-379-2300** |
| **Amarillo, Texas 79105-9570** | **Carley Snider, District Clerk** | **Fax: 806-372-5061** |
| **501 S. Fillmore-Suite 1B** | http://www.co.potter.tx.us/page/potter.District.Clerk | districtclerk@co.potter.tx.us |

### RETURN OF SERVICE

CAUSE NO. 110086-C-CV
STYLE: MARY BULLINGER  V. TYSON FOODS, INC
IN AND FOR THE: 251ST DISTRICT COURT

CAME TO HAND ON THE _____ DAY OF _____, 20___, AT _____, O'CLOCK ___.M., AND
EXECUTED IN _____ COUNTY, TEXAS BY PERSONALLY DELIVERING TO THE
NAMED DEFENDANT(S), A TRUE COPY OF THIS CITATION WITH THE DATE OF DELIVERY ENDORSED THEREON,
TOGETHER WITH ACCOMPANYING COPY OF PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE,IN
PERSON, AT THE FOLLOWING TIMES AND PLACES, TO-WIT:
**NAME OF INDIVIDUAL, CORPORATION, OR AGENT SERVED:**

_____
_____

**ADDRESS:**_____
**DATE:** _____, 20___ AT_____ O'CLOCK ___.M.

AND NOT EXECUTED AS TO THE DEFENDANT(S),

_____

THE DILIGENCE USED IN FINDING SAID DEFENDANT(S) BEING:

_____

AND THE CAUSE OR FAILURE TO EXECUTE THIS PROCESS IS:

_____

AND THE INFORMATION RECEIVED AS TO THE WHEREABOUTS OF SAID DEFENDANT(S) BEING:

_____
_____

**FEES:**
SERVING CITATION $_____

_____, SHERIFF
_____, COUNTY, TEXAS
BY: _____ _, DEPUTY
_____, AFFIANT

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

IN ACCORDANCE WITH RULE 107: THE OFFICER OR AUTHORIZED PERSON WHO SERVES, OR ATTEMPTS TO SERVE, A CITATION SHALL SIGN THE
RETURN. THE RETURN MUST EITHER BE VERIFIED OR BE SIGNED UNDER PENALTY OF PERJURY. A RETURN SIGNED UNDER PENALTY OF PERJURY
MUST CONTAIN THE STATEMENT BELOW IN SUBSTANTIALLY THE FOLLOWING FORM:
"MY NAME IS _____, MY DATE OF BIRTH IS_____, AND MY
ADDRESS IS _____.
**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**
Executed in _____County, State of_____, on the
_____day of _____, 20_____.

_____

Declarant/Authorized Process Server

_____

ID # & expiration of certification

https://research.txcourts.gov/CourtRecordsSearch/#/View?id=9917304b5f5d5192728f20e543

## Case Information

### MARY BULLINGER V. TYSON FOODS, INC

110086-C-CV

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Potter County - 251st District Court | Civil - Injury or Damage | Other Injury or Damage | 11/24/2020 |

Judge
Estevez, Ana

## Parties [2]

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | Mary Bullinger | AARON K BENDER |
| Defendant | Tyson Foods, Inc. | |

## Events [3]

| Date | Event | Type | Filing Description | Documents |
|---|---|---|---|---|
| 11/24/2020 | Filing | REQUEST FOR ISSUANCE | Request for Process TO TYSON FOODS | 20-11-23 CPR - Tyson Foods Inc..pdf |
| 11/24/2020 | Filing | PLAINTIFF?S ORIGINAL PETITION (OCA) | Plaintiff's Original Petition and Request for Disclosure | 20-11-23 Pln's Original Pet. - Bullinger.pdf |
| 12/3/2020 | Filing | RECORD CITATION | SERVED TYSON FOODS, INC. C/O BY DELIVERING TO LINDSEY BARRIENTEZ ON 12/3/20, DON ANDERSON, NO FEE LISTED | |

© 2020 Tyler Technologies, Inc. | All Rights Reserved
Version: 2020.12.0.3128



EMPOWERED BY
TYLER TECHNOLOGIES

**Exhibit  B**

